UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JAMIE H. BASSEL DC PC d/b/a NEW YORK CITY       :
CHIROPRACTIC,                                   :
                                                         :          20-CV-9019 (JMF)
                     Plaintiff,                  :
                                                      :       MEMORANDUM OPINION
              -v-                         :                AND ORDER
:
AETNA HEALTH INSURANCE COMPANY OF NEW           :
YORK, et al.,                                   :
:
                   Defendants.                  :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendants filed a motion to dismiss Plaintiff's Amended Complaint. *See* ECF No. 39. In their memorandum of law, Defendants make at least three arguments to which Plaintiff does not respond at all:

1. that Plaintiff's ERISA claims with respect to members covered by plans not governed by ERISA (specifically, State of NJ Health Benefits, Fashion Institute of Technology, and MTA New York City Transit) must be dismissed, *see* ECF No. 40 ("Defs.' Mem."), at 14-15;

2. that Count III, in which Plaintiff seeks injunction relief pursuant to 29 U.S.C. § 1132(a)(3), must be dismissed, *see* Defs.' Mem. 17-18; and

3. that Plaintiffs' state-law claims with respect to ERISA plans are preempted, *see id.* at 19-20.

*See generally* ECF No. 43 ("Pl.'s Mem."). Accordingly, Defendants' motion is GRANTED with respect to these arguments on the ground that the claims at issue have been abandoned. *See, e.g.*, *Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's argument that the claim should be dismissed." (internal quotation marks omitted)); *Fieldcamp v.*

*City of New York*, 242 F. Supp. 2d 388, 391 (S.D.N.Y. 2003) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue.").

Next, Defendants' motion is GRANTED with respect to Plaintiff's remaining fraud claims for failure to comply with the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, substantially for the reasons set forth in Defendants' memoranda. *See* Defs.' Mem. 20-21; ECF No. 44 ("Defs.' Reply"), at 8-9. Put simply, Plaintiff's Amended Complaint — which includes virtually no fraud-related allegations at all — comes nowhere near providing "the who, what, when, where and how of the alleged fraud" as required by Rule 9(b). *U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242, 252 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also, e.g.*, *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd.*, No. 19-CV-10497 (JMF), 2021 WL 37709, at *10 (S.D.N.Y. Jan. 5, 2021) (setting forth the Rule 9(b) standards).

Finally, Defendants' motion is GRANTED as to Plaintiff's claims against all non-Aetna Defendants, also substantially for the reason set forth in Defendants' memoranda. *See* Defs.' Mem. 21-22; Defs.' Reply 9-10. Put simply, Plaintiff does not allege any facts or factual content about the non-Aetna Defendants that could remotely, let alone plausibly, allow the Court to infer liability on their part for the claims asserted, on a *respondeat superior* theory or otherwise. *See, e.g.*, *Jain v. City of New York*, No. 20-CV-5442 (JMF), 2021 WL 6064204, at *2 (S.D.N.Y. Dec. 22, 2021) ("A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient 'to state a claim to relief that is plausible on its face.' A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting, first, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and then *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As if to confirm that fact, the *ad damnum* provisions of the Amended Complaint conspicuously seek relief *only* as to Aetna.  *See* ECF No. 38, at 24-26.

The Court reserves judgment as to the remainder of Defendants' motion pending oral argument, which shall be conducted by telephone on **January 13, 2022**, at **3:45 p.m.**  To access oral argument, counsel should call **888-363-4749** and use access code **5421540#**.  Members of the press and public may call the same number but will not be permitted to speak during the conference.  The parties are reminded to follow the procedures for teleconferences described in the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman.  Among other things, those procedures require counsel to provide notice of who will participate in the conference and the telephone numbers they will use to participate.

At oral argument, counsel should be prepared to address Plaintiff's remaining claims.  In particular, counsel should be prepared to address the following questions:

1. Whether Plaintiff's alleged failure to exhaust administrative remedies is clear on the face of the Amended Complaint;

2. If not (and given that the parties submitted extrinsic evidence in connection with the motion, *see* ECF Nos. 41, 43-1, 43-2), whether Defendants' motion to dismiss for lack of exhaustion should be converted to a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), or denied without prejudice to an early motion for summary judgment limited to the issue of exhaustion;

3. Whether Plaintiff was "alleviated from the exhaustion requirement" pursuant to 29 C.F.R. § 2560.503-1(*l*)(2)(i), Pl's Mem. 1;[1]

4. Whether, in light of the Second Circuit's decision in *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370 (2d Cir. 2021), the question of whether the claims at issue were validly assigned to Plaintiff is one of standing or one to be considered under Rule 17 of the Federal Rules of Civil Procedure;

---

[1] Plaintiff appears to have cited the wrong regulation (it cites 29 C.F.R. § 2650.503-I as opposed to § 2560-503(*l*)(2)(i)).  Moreover, the quotation in Plaintiff's memorandum of law does not appear to match the current language of the regulation.

5. If the issue of assignment is to be considered under Rule 17, whether Defendants' motion to dismiss should be denied without prejudice to renewal in a motion under Rule 17; and

6. Whether Plaintiff's counsel should be ordered to show cause why sanctions should not be imposed based on, among other things, the misstatements of law and largely inapplicable and uncited arguments lifted verbatim from cases (some outdated) contained in his opposition to the motion to dismiss. *See S.E.C. v. Smith*, 710 F.3d 87, 89 (2d Cir. 2013) ("Under Rule 11(c)(3) and the inherent power of the court, sanctions are appropriate when an individual has made a false statement to the court and has done so in bad faith."); *Hodge v. RCA Glob. Commc'ns*, No. 93-CV-261 (RPP), 1994 WL 240373, at *4 (S.D.N.Y. May 26, 1994) (imposing sanctions based on misstatements of law).

SO ORDERED.

Dated: January 6, 2022  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge